IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re search of tmal75285@yahoo.com | * * * * * * * * | CASE NO:  TJS 14-0981 |

..ooOOOoo..

**GOVERNMENT'S RESPONSE TO MOTION TO QUASH/PROTECTIVE ORDER**

Comes now the United States of America, by and through its counsel, Rod J. Rosenstein, the United States Attorney for the District of Maryland, Bonnie S. Greenberg, Assistant United States Attorney, and Christopher Moran, third-year law student, for said district, and respectfully submits this response to Maloney's Motion to Quash the Search Warrant issued by this Court or, in the alternative, a Protective Order.

**INTRODUCTION**

Thomas Edward Maloney's residence was searched and numerous illegal firearms were seized. The government has requested certain documents from Yahoo! relating to this investigation.  The defendant has filed a motion to quash the Yahoo! search warrant, or in the alternative, a protective order.

The search warrant was issued by this Court on April 24, 2014, relating to the email address tmalo75285@yahoo.com, and is attached hereto.  The search warrant expressly incorporated the  application and affidavit, which described both the place to be searched and the evidence to be seized with particularity.  There is a very high bar for attacking a facially valid warrant, and this court should dismiss the motion to quash as there is no legal basis to support

1

the motion. Alternatively, there is no basis for this Court to exercise its equitable jurisdiction, especially because in light of this motion the government will be handling potential privilege issues by utilizing a taint team. Further, the Protective Order cannot be granted. Accordingly, the Motion to Quash Search Warrant/For Protective Order should be denied.

## BACKGROUND

On November 30, 2012, members of the Harford County Sheriff's Office (HCSO) and the Baltimore Field Division of the Alcohol, Tobacco, Firearms, and Explosives (ATF) executed a state search and seizure warrant at the residence of Thomas Edward Maloney Sr, 619 Lanark Court North, Bel Air, Maryland 21015. HCSO deputies arrested Maloney prior to the search warrant execution, pursuant to a domestic violence-related investigation at the location involving Maloney and his wife, Laurie Maloney. During the interview, Laurie Maloney was asked by Sargent Parrish if there were any weapons around the house. Maloney informed Sgt. Parrish that her husband had weapons 'everywhere,' including in the immediate vicinity of where they were currently speaking. After obtaining consent from Laurie Maloney to secure the weapons, Sgt. Parrish recovered two firearms. Both weapons were subsequently classified as automatic weapons by the ATF Firearms Technology Branch.

Laurie Maloney also advised investigators that Maloney was using the garage in the residence to manufacture and convert firearms from semi-automatic to fully automatic. She explained that Maloney typically receives gun parts in the mail and uses them to build the weapons. Various machine guns, firearms parts, part kits, machining equipment, altered firearm parts and ammunition were found in the garage and throughout the residence. A search of the National Firearms Act Branch revealed that Maloney did not have any firearms legally registered to him on the National Firearms Registration and Transfer Record. The HCSO obtained a search

warrant which authorized the seizure of "any and all electronic data processing and storage devices," to include "computers and computer systems, including central processing units and peripheral storage devices."

Upon execution of the search warrant, members of the search team located a desktop computer, which was the only computer located in the residence. This Court then authorized a search and seizure warrant directed to Yahoo!, Inc. which required the production of "All electronic mail stored, preserved or presently contained in or on behalf of, the electronic mail address or individual account [of tmalo75285@yahoo.com] for the period of January 1, 2012 to the present." A copy of the search warrant is attached hereto. The instant motion followed.

## ARGUMENT

### I.    *The Motion to Quash Should be Denied*

The petitioner has not cited any authority justifying a pre-indictment motion to quash a search warrant prior to its execution. There is a very high bar for quashing a search warrant when it is issued by a magistrate judge. A determination of probable cause by a neutral and detached magistrate judge is entitled to substantial deference. *United States v. Ventresca,* 380 U.S. 102, 109 (1965). Preliminarily, therefore, the motion to quash should be dismissed as there is no legal basis to support the motion.

Alternatively, there is one basis the undersigned was able to locate for quashing a pre-indictment search warrant, albeit one that was already executed - *In re the Florillo Corporation*, 33 F. Supp. 799 (S.D. Iowa 1998). In *Florillo,* the court treated the motion to quash as a motion for the court to exercise pre-indictment equitable jurisdiction. Relying on *Kiesel Co. Inc. v. Householder*, 494 U.S. 1026 (1990), the court explained that it would exercise its equitable jurisdiction to grant relief "only upon a callous disregard of the Fourth Amendment, irreparable

injury if relief is not granted, and lack of an adequate remedy at law." *Florillo,* 33 F. Supp. at 802 (citations omitted). Petitioner cannot establish any one of these predicates, and certainly cannot establish all three predicates.

    *1. "Callous Disregard of the Fourth Amendment"*

First, there is not a "callous disregard of the Fourth Amendment." The petitioners' complaints are that the search warrant is overly broad and that there are privileged materials in the emails, neither of which justify a finding of "callous disregard of the Fourth Amendment" justifying the exercise of equitable jurisdiction.

To accept defendant's overly broad argument, this court would have to accept that Maloney's criminal activities and any evidence relating to them suddenly faded away after the date of the arrest. This would defy common sense. "The task of the magistrate judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him…there is a fair probability that evidence of a crime will be found at a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The petitioner's email account could be used to obtain additional parts for automatic weapons, discuss his crimes with others, or try to conceal evidence of his crimes. The ongoing nature of the alleged criminal activity suggests that probable cause is not diminished by the passing of time. *United States v. Farmer*, 370 F.3d 435, 439 (4th Cir. 2004).

There are many instances where privileged communications are received pursuant to a search warrant request. In such instances a "taint team," consisting of an agent and a reviewing AUSA unrelated to the investigation, reviews the search warrant production. *See United States v. Myers*, 593 F.3d 338, 341 n. 5 (4th Cir. 2010)(defining and approving such taint teams for review of potentially privileged material). In an abundance of caution, in light of the

petitioner's motion, a taint team has been established to review the documents produced from the search warrant being challenged herein.

2.   "*Adequate Remedy at Law*"

Of course, the petitioner does have "an adequate remedy at law" which would also negate the exercise of this court's equitable jurisdiction. The confidentiality of an attorney-client communication may be protected under the Rules of Evidence, the Sixth Amendment, or both. A motion excluding such evidence can be made if charges are brought against the petitioner. Of course, such an analysis can only occur <u>after</u> the communications in question are lawfully acquired, sometimes with the assistance of attorneys who are not on the litigation team, *i.e.*, a "taint team."

The fact that some unknown and unspecified letters or emails falling within the scope of the warrant might later be construed to contain information subject to an evidentiary privilege does not limit the authority of the seizing agents to seize them in the first place. *See United States v. Grubb*, 547 U.S. 90, 98 (2006) (nothing in the language of the Constitution or in the Court's precedent "suggests that, in addition to the requirements set forth in the text [of the Fourth Amendment], search warrants must include a specification of the precise manner in which they are to be executed.") While a subsequent determination that a seized document is legally privileged may have consequences under the Rules of Evidence and, in extreme cases, may even violate the Sixth Amendment's right to counsel, such a possibility does not bar a reasonable search under the Fourth Amendment for all documents within the scope of the warrant, even potentially privileged ones. In other words, any limitation on the government's ability to search for evidence that falls within the scope of the warrant, such as a potential evidentiary privilege, would be at odds with the seminal constitutional rule that "the individual's interest in privacy

must give way to the magistrate's official determination of probable cause." *See United States v. Ross*, 456 U.S. 798, 823 (1982) (any and all containers that may conceal the object of a search warrant may be opened immediately and searched).

    *3.    "Irreparable Injury if Relief is not Granted"*

There is no irreparable injury to the petitioner if the search warrant is executed. The instant challenge relates to emails in a *Yahoo!* account. There is no seizure of an ongoing business, or similar intrusion. Any privilege issues would not cause "irreparable injury;" indeed, a taint team is being employed to address any privilege concerns.

    **II.    *A Protective Order Should not be Granted***

Defendant requests that copies of the emails first be produced to petitioner's counsel so that a privilege review can be conducted. Counsel asks for a protective order that will permit him to conduct a privilege review and he will then turn over the unprivileged emails to the government. This raises several issues, not the least of which is how petitioner's duty to his client under the ethical rules would affect his review of the material. The government is fully equipped to handle privilege issues through the taint review process, which process is recognized by and approved of by the Fourth Circuit. Quite simply, the taint attorney provides the potentially privileged emails to the petitioner, and the parties litigate those items the petitioner alleges are privileged and not subject to any exceptions. There is no authority for allowing petitioner's counsel to conduct his own privilege review.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Petitioner's Motion to Quash the Search Warrant And/Or For a Protective Order (ECF No.6) be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
Bonnie S. Greenberg
Assistant United States Attorney

_____/s/_____
Chris Moran
Third- year Law Student

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17th, 2014, a copy of the foregoing document was served, via ECF electronic delivery, on counsel for the petitioner:

_____/s/_____
Bonnie S. Greenberg